UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:19-CR-0630-B-23 |
| | § | |
| JAMES KEITH SMITH, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant James Keith Smith's Motion for Medical Assistance and/or Compassionate Release (Doc. 297). For the reasons set forth below, the Court **DENIES** Smith's motion.

### I.

### BACKGROUND

On February 19, 2020, Smith was arrested based on a sealed indictment charging him with possession, and conspiracy to possess, a controlled substance with intent to distribute. Doc. 142, Arrest Warrant. Shortly thereafter, Smith waived his right to a detention hearing, and the magistrate judge ordered him detained pending trial. Doc. 105, Detention Order, 1. Smith's trial is currently set for November 30, 2020. Doc. 282, Order, 2.

On August 24, 2020, Smith filed a motion asking the Court to compel medical care from Limestone County Jail, the facility where he currently resides. Doc. 297, Def.'s Mot., 2–3. In his motion, Smith explains that he has an infection in his teeth that causes him significant pain. *Id.* at 1. Further, he states that he is suffering from vertigo, which may be a side effect of the infection. *Id.*

Though Smith acknowledges he has received antibiotics for the infection, he states that he "continues to suffer from the same infection" and thus requests that the "proper medical personnel be provided to address all of his medical needs . . . ." *Id.* at 2–3. Alternatively, Smith seeks pretrial "compassionate release" so that he can obtain proper medical care. *Id.* at 3.

The Government responded to Smith's motion, indicating that after Smith filed his motion, he saw a medical provider, "and the U.S. Marshals are attempting to facilitate additional dentistry services for Smith." Doc. 301, Gov't's Resp., 1. Additionally, the Government explains why Smith should remain detained pending trial. *Id.* at 3–4. Because the Court has received all briefing on Smith's motion, it is ripe for review.

## II.

## LEGAL STANDARD

Title 18 U.S.C. § 3142 governs pretrial release. Fed. R. Crim. P. 46(a). Specifically, § 3142 determines whether an individual charged with an offense should be released or detained pending trial. *See* § 3142(a). Under that statute, an individual should be detained pretrial "[i]f, after a hearing . . . , [a] judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." § 3142(e)(1).

The Court may, however, reopen the hearing "at any time before trial" if it "finds that information exists that was not known . . . at the time of the hearing and that has a material bearing" on whether the defendant should be detained. § 3142(f)(2). Additionally, after a pretrial detention order, the Court may "permit the temporary release of the person . . . to the extent that the [Court] determines such release to be necessary for preparation of the person's defense or for another

compelling reason." § 3142(i).

## III.

## ANALYSIS

Below, the Court first addresses Smith's request for medical care. Because Smith has not offered any basis for the Court's authority to order the provision of his medical care, the Court denies this request. Next, the Court addresses Smith's request for pretrial release and concludes that pretrial release is not warranted.

A.  *Smith Has Not Pointed to Any Authority Permitting the Court to Order His Medical Care.*

In his motion, Smith asks the Court to hold a hearing and thereafter order: (1) medical personnel to address Smith's medical needs, and (2) those holding in Smith in custody "to take the steps necessary to ensure he is properly cared for . . . ." Doc. 297, Def.'s Mot., 3. But Smith has not offered any legal basis for the Court's authority to provide this relief in Smith's criminal case. *See generally id.* Indeed, it appears that Smith challenges the adequacy of his medical care in confinement, but such a challenge belongs in a civil-rights action. Thus, the Court **DENIES** Smith's motion insofar as he urges the Court to order the provision of medical care.

B.  *Smith Is Not Entitled to Pretrial Release.*

Smith also asks that the Court "grant him a compassionate release" so he can visit medical professionals. *See id.* at 3. Because Smith does not state the basis for his request for pretrial release, the Court analyzes his request under two statutory provisions that would permit the Court, after Smith has already had his detention hearing, to release him pending trial—18 U.S.C. § 3142(f)(2) and 18 U.S.C. § 3142(i).

1.  Smith has not offered material information warranting the reopening of his detention hearing under § 3142(f)(2).

Under § 3142(f)(2), the Court may reopen a detention hearing before trial if it "finds that information exists that was not known . . . at the time of the hearing and that has a material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of such person . . . and the safety of any other person and the community." The Fifth Circuit has interpreted the § 3142(f)(2) standard to necessitate "new" evidence. *United States v. Stanford*, 367 F. App'x 507, 510 (5th Cir. 2010) (per curiam) (citations omitted).

Given that § 3142(f)(2) "focuses on whether conditions can be set that reasonably assure the safety of the community and the defendant's appearance in court," Smith's medical needs "would not typically factor into an analysis of whether to reopen detention . . . ." *See United States v. Sanmiguel*, 2020 WL 3036636, at *1–2 (N.D. Tex. June 5, 2020) (citations omitted) (explaining that a defendant's health-related concerns in light of the COVID-19 pandemic should not be analyzed under § 3142(f)(2)). Indeed, Smith "does not address either prong of the § 3142(f)(2) analysis . . . ." *United States v. McKinney*, 2020 WL 2736001, at *1 (E.D. Tex. May 26, 2020) (citations omitted). Accordingly, the Court **DENIES** Smith's motion to the extent he seeks a reopening of his detention hearing.

2.  Smith has not shown a compelling reason for temporary release under § 3142(i).

Section 3142(i) allows the Court to "permit the temporary release" of a defendant detained pretrial "to the extent that the [Court] determines such release to be necessary for preparation of the person's defense or for another compelling reason." Though "[t]here is limited authority as to when temporary release is justified under § 3142(i) based on 'another compelling reason,' . . . a defendant's

medical condition may present that compelling reason in a particular case." *United States v. Clark*, 448 F. Supp. 3d 1152, 2020 WL 1446895, at *2 (D. Kan. 2020) (citing *United States v. Rebollo-Andino*, 312 F. App'x 346, 348 (1st Cir. 2009) (per curiam)). For example, courts may utilize § 3142(i) to address treatment of "terminal illness or serious injuries." *Id.* (describing cases in which district courts have granted temporary release for treatment of gunshot wounds).

Here, the Court concludes that Smith has not shown a "compelling reason" for pretrial release. *See* § 3142(i). Without disregarding the pain Smith may be suffering, the Court notes that Smith received one round of antibiotics for his infection and currently receives pain medication. Doc. 297, Def.'s Mot., 2. Further, the Government states that a medical provider saw Smith after he filed his motion, "and the U.S. Marshals are attempting to facilitate additional dentistry services for Smith." Doc. 301, Gov't's Resp., 1. Under these circumstances, the Court does not find a "compelling reason" for Smith's pretrial release and **DENIES** his motion insofar as he seeks release under § 3142(i). *See* § 3142(i).

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Smith's Motion for Medical Assistance and/or Compassionate Release (Doc. 297).

SO ORDERED.

SIGNED: September 11, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE